### FARBER v. FORMAN & LERNER, Inc.

(District Court, E. D. New York. January 5, 1921.)

Patents ⊚⇒328—52,985, for design for fern dish, held not so obviously valid as to authorize preliminary injunction.

Preliminary injunction against infringement of the Farber design patent, No. 52,985, for a design for a fern dish, denied on an answer denying that patentee was the originator of the design.

In Equity. Suit by Simon W. Farber against Forman & Lerner, Incorporated. On motion for preliminary injunction. Denied.

Mock & Blum, of New York City, for plaintiff.
Eugene Eble, of New York City, for defendant.

CHATFIELD, District Judge. Application for temporary injunction pending trial of action for infringement of design patent. The defendant is a corporation organized by former employees of the plaintiff. The particular design with which the suit is concerned is one for a fern dish or casserole holder, consisting of a round strip of plated metal with handles and feet. The decoration is imparted to the circular body of the dish by two rows of perforated designs, each consisting of a spherical triangle inclosing three separate leaves of which the center leaf is inclosed in a spatulate outline or frame.

The defendant's design is very close. Its dish is slightly deeper. The handles are attached a little further from the rim, the two rows of design are reversed in position, and each spherical triangle contains three figures, of which but one is a leaf. The other two inserted figures, which in the plaintiff's design bear the outline of the ribs of a leaf, in the defendant's design are plain, but are so small in size and of such shape that careful examination is necessary to show the difference.

On the whole, the designs are so close that the court would have no doubt in granting a temporary injunction upon the presumptive validity of the design patent, No. 52,985, dated February 11, 1919, except for the issue raised by an attack upon the claim of invention by the plaintiff as set forth in his design patent.

The defendant alleges, and seeks to show by affidavit, that the plaintiff obtained this design in Europe, and brought back a sample with him some two or more years before filing his application for patent on March 4, 1918. It appears that proof as to the plaintiff's claim of invention must be obtained either from Europe or by production of the original

---

model referred to by both the plaintiff and the defendant, in order that its origin and disclosures may be examined.

The issue thus raised is sufficient to make it advisable to withhold temporary injunction until the trial of the action, which can be reached within a reasonable time.

Motion for temporary injunction denied.